## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID R. LITAKER, #K-99979,    )
                            )
           Petitioner,      )
                            )
vs.                         )      CIVIL NO. 11-cv-429-DRH
                            )
ALEX DAWSON and        )
LISA MADIGAN,          )
                            )
          Respondents.    )

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner, currently incarcerated in Logan Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. Petitioner is serving a twenty-five year aggregate sentence imposed by the Circuit Court of Fayette County, Illinois, following a jury trial (Doc. 1, p. 3-4).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Because this petition was filed well beyond the applicable statute of limitations, it shall be dismissed pursuant to

Rule 4.

According to the instant habeas petition, petitioner was convicted on October 2, 2003, of three counts of predatory criminal sexual assault, one count of attempted predatory criminal sexual assault, and one count of aggravated sexual abuse. He appealed, raising arguments that statements he made to the police should have been suppressed. On February 4, 2005, his conviction was affirmed on direct appeal (Doc. 1, p. 4), and his petition for rehearing in the Illinois Appellate Court, Fifth District, was denied on March 7, 2005. Petitioner did not seek leave to appeal from the Illinois Supreme Court (Doc. 1, p. 5).

He then filed a petition for post-conviction relief on September 9, 2005, raising issues of ineffective assistance of trial and appellate counsel, and prosecutorial misconduct. The trial court's denial of that petition was affirmed by the Illinois Appellate Court on February 26, 2009 (Doc. 1, p. 6). It appears from the instant habeas petition that again, petitioner did not seek further review in the Illinois Supreme Court. *Id.* However, he filed a petition for writ of certiorari in the United States Supreme Court, which was denied on June 1, 2010 (Doc. 1-1). *Litaker v. Illinois*, 130 S. Ct. 3367 (2010).

Nearly a year later, petitioner filed the instant action on May 23, 2011, raising four grounds for relief: (1) his conviction was unconstitutional because he was not charged by indictment and he did not receive a prompt preliminary hearing; (2) his appellate attorney was ineffective for failing to raise several issues petitioner believed to have merit; (3) trial counsel was ineffective and labored

under a conflict of interest; and (4) petitioner was not proven guilty beyond a reasonable doubt due to discrepancies in the child victim's testimony and false testimony by the mother. However, the merits of these arguments need not be reached. An examination of the date when petitioner's conviction became final and the time line of his ensuing post-conviction challenge shows that petitioner has filed this action well beyond the applicable statute of limitations.

Under 28 U.S.C. § 2244(d)(1), a petitioner has a one year period in which to file an application for a writ of habeas corpus. Section 2244(d)(1)(A) states that the limitations period shall begin to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." However, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this instance, petitioner's one-year statute of limitations under § 2244(d)(1)(A) began to run on April 11, 2005, which is 35 days after the March 7, 2005, appellate court order affirming his conviction. Under Illinois Supreme Court Rules 315(b) and 612(b), petitioner had 35 days to seek leave to appeal to the Illinois Supreme Court. He did not do so, thus his judgment of conviction became final upon the expiration of the time for seeking review of the appellate court's ruling. *Gonzalez v. Thaler*, 132 S. Ct. 641, 656 (2012); *see also Gendron v. United States*, 154 F.3d 672, 674-75 (7th Cir. 1998), *rev'd on other grounds*

*by Clay v. United States*, 537 U.S. 522 (2003).

From April 11, 2005, to September 9, 2005, when Petitioner filed his post-conviction petition, 150 days elapsed. *See DeJesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) (time elapsing between date of finality of conviction and date when post-conviction petition is filed must be counted toward the one-year habeas filing period; pendency of post-conviction petition tolls but does not restart the running of the one-year deadline). Starting on September 9, 2005, the statute of limitations was tolled pursuant to 28 U.S.C. § 2244(d)(2), until the final state-court determination on his petition for post-conviction review, which was the February 26, 2009, Illinois Appellate Court order. *Lawrence v. Florida*, 549 U.S. 327, 331-32 (U.S. 2007). Although petitioner sought further review of this Illinois Appellate Court order by filing a petition for writ of certiorari in the United States Supreme Court, that action did not implicate the tolling provision of 28 U.S.C. § 2244(d)(2). Under *Lawrence*, after the state court completes its review of a post-conviction challenge, that state action is no longer "pending" within the meaning of § 2244(d)(2). Therefore, even where a petition for writ of certiorari is filed, the state court post-conviction review has ended and § 2244(d)(2) cannot continue to toll the one-year limitations period. *Lawrence*, 549 U.S. at 332.

Thus, the one-year clock that stopped after 150 days on September 9, 2005, began to run again on February 26, 2009. At that time, Petitioner had 215

days remaining of his one-year period in which to file for habeas relief.[1]

Unfortunately for petitioner, he waited for over two more years before filing the instant petition on May 23, 2011.  Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A) and § 2244(d)(2), the petition was not timely filed and must be dismissed.

## Certificate of Appealability

Should petitioner desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the court of appeals.  *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1).  Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but petitioner must show "something more than the absence of frivolity" or the existence of mere "good

---

[1] Notably, even if his petition for writ of certiorari *had* continued to toll the one-year time limit, as petitioner apparently believed, the instant petition still would not have been timely filed.  Between the denial of the writ on June 1, 2010, and the filing of his habeas petition on May 23, 2011, 355 days elapsed.  This is well in excess of the 215 days that remained to him.  *See DeJesus*, 567 F.3d at 943.

faith" on his part.  *Id*. at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  If the district court denies the request, a petitioner may request that a circuit judge issue the certificate.  FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that the petition was not timely filed, and therefore petitioner is not entitled to relief pursuant to 28 U.S.C. § 2254.  Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect.  Thus, petitioner has not made "a substantial showing of the denial of a constitutional right."

Accordingly, the Court **SHALL NOT ISSUE** a certificate of appealability.

**Disposition**

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** with prejudice.  The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**Dated:** February 14, 2012

David R. Herndon
2012.02.14
15:27:50 -06'00'

**Chief Judge**
**United States District Court**